UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL JOHN SAKE,

    Defendant.    /

Case No. 1:03-cr-201-01

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Paul John Sake's Motion to Clarify Judgment pursuant to Federal Rule of Criminal Procedure 36. The Government has contested the Motion.

    Defendant requests the Court clarify a letter prepared by Probation Officer Matt Kakabeeke and also "clarify the grounds for ordering any 'amendment' to a [presentence report]." (Mot. at 9.) Under Federal Rule of Criminal Procedure 36, the Court may correct "a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. However, the Sixth Circuit has held a clerical error is one made by a clerk, and errors arising from oversight or omission by the court is not within the scope of Rule 36. *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Defendant's request does not fall within the ambit of this rule. Defendant asks this Court to amend Mr. Kakabeeke's letter to the Bureau of Prisons ("BOP") and clarify to the BOP how and why a federal court would amend a presentence report. Defendant is not requesting a judgment or order be amended nor has he alleged a clerical error on the part of a clerk. Accordingly, the relief Defendant sought will be denied.

    Although Defendant's request is convoluted, his intent is clear: Defendant wants this Court to somehow change or influence the BOP's decision regarding his classification in the federal prison system. Defendant believes an Order from this Court which somehow "amends" an accurate letter

from a probation officer will affect this change. As Defendant recognizes throughout his Motion and his Reply, the BOP has been granted full and broad discretion to classify prisoners under 18 U.S.C. § 4081. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976) (finding federal prison officials are afforded full discretion to control conditions of confinement, including classification and eligibility for rehabilitative programs, pursuant to section 4081); *Walker v. Hughes*, 558 F.2d 1247, 1252-53 (6th Cir. 1977). Therefore, the Court has no authority to direct the BOP in classification of its prisoners at the request of an inmate. Further, Mr. Kakabeeke's letter, which states the Court sustained the objection to the obstruction of justice enhancement and did not order the presentence report amended is accurate. The letter is consistent with Defendant's Judgment and the sentencing proceedings. (*See* Tr. Vol. III at 103.) Therefore, the Court finds it has no reason to "amend" the above mentioned letter nor does the Court have the ability to direct the BOP in classification of its prisoners.

To the extent Defendant wishes to pursue a collateral attack on his sentence or challenge the conditions of his confinement, the Court directs Defendant that he may file a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. A one-year period of limitation applies to motions made under § 2255 and generally runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paul John Sake's Motion to Clarify Judgment (Dkt. No. 149) is **DENIED**.

Dated in Kalamazoo, MI:     /s/Richard Alan Enslen
June 1, 2007                Richard Alan Enslen
                            Senior United States District Judge