UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 1:03-CR-201-01

　　　　　　Plaintiff-Respondent,              Hon. Richard Alan Enslen

　　v.

PAUL JOHN SAKE,

　　　　　　Defendant-Petitioner              **OPINION**

　　　　　　　　　　　　　　　　/

　　　　This matter is before the Court on Petitioner Paul John Sake's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The United States of America opposes the Motion. The Court has reviewed the briefing and discerns no reason for oral argument or an evidentiary hearing pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Moss v. United States*, 323 F.3d 445, 471 (6th Cir. 2003).

I.      **BACKGROUND**

　　　　On August 12, 2003, a federal grand jury indicted Petitioner on one count of conspiracy to possess with intent to distribute methylenedioxy methamphetamine ("Ecstacy").[1] On February 13, 2004, Petitioner pled guilty pursuant to a written plea agreement. In the plea agreement, the Government agreed to not oppose a third-point reduction of Petitioner's offense level for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines, "provided the Petitioner satisfies the criteria for such a reduction." (*See* Plea Agreement, Dkt. No. 59.)

---

[1]Jason Valdez and Adam Williams were indicted along with Petitioner and each pled guilty to the sole count of the Indictment. A fourth conspirator, Ezra Salmon, was charged in state court and pled guilty to possession of Ecstacy with intent to deliver.

At Petitioner's sentencing hearing in January 2005, Petitioner disregarded the plea agreement by not accepting full responsibility and contested the quantity of Ecstacy attributable to him.  After conducting a three-day sentencing hearing, the Court found that Petitioner was responsible for the quantity of drugs estimated by the Pre-Sentence Investigative Report, which was much larger than the amount admitted by Petitioner.  When asked whether Petitioner should be afforded a sentence reduction, the Government opined that, although Petitioner did not abide by the plea agreement and therefore was not entitled to a reduction, a two-point reduction was still appropriate, although a third-point reduction for acceptance of responsibility was not.  In its discretion, this Court reduced Petitioner's offense level by two points for acceptance of responsibility.  Petitioner was sentenced to 120 months in prison, which was within the advisory guideline range of 97 to 121 months.

Petitioner thereafter appealed to the Sixth Circuit Court of Appeals.  On August 1, 2006, the Sixth Circuit affirmed his sentence.  *See United States v. Sake*, 191 Fed. App'x 401 (6th Cir. 2006) (unpublished).  The Sixth Circuit held, *inter alia*, that the Government was not obligated to move for a third-point sentence reduction because Petitioner failed to satisfy the requirements of the plea agreement and the Sentencing Guidelines.[2]  Petitioner timely filed the present § 2255 Petition on July 16, 2007.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum

---

[2]Under § 3E1.1(b) of the Sentencing Guidelines, a government motion is a prerequisite for an award of the third point.  *See United States v. Smith*, 429 F.3d 620, 628 (6th Cir. 2005) (citing cases).

authorized by law; or (4) that his sentence is otherwise subject to collateral attack.  In order to prevail

upon a § 2255 motion, the petitioner "must allege one of three bases [of error]: (1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

or law that was so fundamental as to render the entire proceeding invalid."  *Moss v. United States*,

323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.

2001)).  Claims of non-constitutional error present an even higher burden:

> To prevail on a 2255 motion alleging non-constitutional error, the [movant] must
> establish a "'fundamental defect which inherently results in a complete miscarriage
> of justice,' or, an error so egregious that it amounts to a violation of due process."
> *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United
> States*, 368 U.S. 424, 428 (1962)).

*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  This being Petitioner's first collateral

attack on his Judgment *via* § 2255, his Motion is properly before this Court.  *Cf. In re Sims*, 111 F.3d

45, 47 (6th Cir. 1997).

## III.   ANALYSIS

### A.  Acceptance of Responsibility

Petitioner argues the Government breached the plea agreement by failing to recommend a

third-point sentence reduction for acceptance of responsibility.[3]  In reviewing § 2255 claims, a

district court has discretion to refuse to reach the merits of a claim that has already been raised and

resolved against the petitioner during a prior proceeding.  *Kaufman v. United States*, 394 U.S. 217,

227 n.8 (1969); *see also Withrow v. Williams*, 507 U.S. 680, 720 (1993); *Stephan v. United States*,

---

[3]Petitioner also alleges that the Sixth Circuit's decision was based on a misapplication of
law and its own factual findings.  Petitioner erroneously believes this Court has jurisdiction to
reverse a decision of the Sixth Circuit.  To proceed with this claim, Petitioner must either request
a panel rehearing of the decision, an en banc hearing from the Sixth Circuit or file a petition for
writ of *certiorari* with the Supreme Court.  (*See* Fed. R. App. P. 40 & 35; Sup. Ct. R. 10.)

496 F.2d 527, 528 (6th Cir. 1974). "[A]bsent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal." *Withrow*, 507 U.S. at 721; *see also Giacalone v. United States*, 739 F.2d 40, 42–43 (2d Cir. 1984); *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981); *Stephan*, 496 F.2d at 528–29. In refusing to reach the merits of a claim previously rejected—whether constitutional or otherwise—the key issue is whether "the trial or appellate court has had a 'say' on a federal prisoner's claim." *Kaufman*, 394 U.S. at 227 n.8; *Stephan*, 496 F.2d at 528.

> Thus, a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim. If the claim was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations; if the claim was not raised, it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations (*e.g.*, actual innocence or cause and prejudice).

*Withrow*, 507 U.S. at 721.

In this case, Petitioner attempts to re-litigate the claim he lost in his direct appeal concerning his failure to receive a third-point sentence reduction for acceptance of responsibility. This claim has already been thoroughly addressed and rejected by the Sixth Circuit. *See Sake*, 191 Fed. App'x at 404–06. Accordingly, the Court refuses to reach the merits of this claim since it has already been raised and resolved against Petitioner. *See Kaufman*, 394 U.S. at 227 n.8; *Withrow*, 507 U.S. at 720; *Stephan*, 496 F.2d at 528. The Court discerns no countervailing equitable considerations requiring review of this claim.

Alternatively, the Sixth Circuit has held that a mere guideline calculation error does not qualify petitioners for § 2255 relief. *See Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996); *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *Burke v. United*

4

*States*, 152 F.3d 1329, 1331–32 (11th Cir. 1998); *Graziano v. United States*, 83 F.3d 587, 589–90 (2d Cir. 1996); *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *Auman v. United States*, 67 F.3d 157, 160–61 (8th Cir. 1995); *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994). Thus, Petitioner's claim also fails on the merits.

B.      Ineffective Assistance of Counsel

Petitioner claims he suffered ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance, a petitioner must show (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight.").

The Supreme Court has recognized that an attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982). When counsel has overlooked or chosen to omit a possible argument, it does not raise a presumption of constitutionally deficient performance. *Id.* at 133–34. "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Further, the defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Under the second

5

prong of the *Strickland* test, the defendant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In Petitioner's habeas petition, he argues that his trial counsel rendered ineffective assistance by failing to object to the lack of a third-point sentence reduction for acceptance of responsibility, failing to call a witness to testify at the sentencing hearing, and failing to challenge the Government's decision not to file a departure motion for Petitioner's cooperation.

1. Acceptance of Responsibility

Under the first *Strickland* prong, the Court finds that defense counsel exercised reasonableness under prevailing professional norms. Although Petitioner contends counsel should have objected to the Government's failure to request a third-point reduction for acceptance of responsibility, any such request would have been futile.

Petitioner objected to the quantity of drugs attributable to him in violation of the plea agreement and § 3E1.1 of the Sentencing Guidelines. Based on this and as the Sixth Circuit found on direct appeal, the Government did not have an obligation to move for a third-point reduction. *Sake*, 191 Fed. App'x at 405 ("Sake's actions of falsely or frivolously denying relevant conduct absolved the government of its obligation, since the obligation was premised on Sake's satisfaction of the relevant criteria."). Because the Government had already made its decision—that no motion would be made for a third-point reduction—defense counsel was under no obligation to ask for reconsideration. As such, it is impossible to find that defense counsel rendered ineffective assistance by failing to make this futile objection.

6

2.  Failure to Call Witness

Petitioner's next argument addresses the failure of counsel to call a witness at Petitioner's sentencing hearing.  Petitioner contends that this witness—Barry Langfelder—would have testified to the following:

> 1) That he was the proprietor of Mail Boxes, Etc., and that he had mailed numerous packages for Sake during the time period at issue;
> 2) That these packages contained loose items, were packed and sealed in his presence and that he had never seen drugs of any type in the (10 or so) packages that he had mailed; [and]
> 3) That as to the various "ficitious [sic] company names," he had questioned Sake on that point and was aware that this was an ongoing source of amusement between Sake and the packages' recipient; nothing more dubious than that.

(Def.'s Br. 8–9.)  Petitioner argues this testimony would have substantiated his claims, discredited a Government witness (co-conspirator Salmon), and rebutted the Government's claim of drug amount.

Under the first *Strickland* prong, the Court again finds that defense counsel exercised reasonableness under prevailing professional norms.  The decision not to call this witness was a tactical decision of defense counsel because the witness had no knowledge of Petitioner's guilt; rather, the witness could only testify to what he thought Petitioner shipped in approximately ten packages.

Moreover, under the second prong of *Strickland*, Petitioner cannot show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 668.  The Government established the quantity of drugs Petitioner was responsible for through numerous witnesses—Timothy Haithcox, Brent Alfoldi, Julie Salmon, Joshua Morgan, Ezra Salmon, Jason Valdez, Adam Williams, and Ronald Sullivan—which effectively shows that Mr. Langfelder's

7

testimony would not have changed the result of the sentencing because he could not rebut the

testimony of these witnesses.  Mr. Langfelder could not affirmatively testify to a lower quantity of

drugs but only that he had never personally seen Petitioner ship any drugs.  There is simply nothing

to indicate that "but for counsel's unprofessional errors, the result of the proceeding would have been

different."  *Id.* at 694.  Rather, the record clearly demonstrates that even if Mr. Langfelder would

have testified, Petitioner's sentence would have been the same.

>3.  Substantial Assistance

In Petitioner's habeas petition, he asserts, as ground three, "[i]neffective assistance of counsel

Failure to pursue 5K1.1 'Substantial Assistance' Departure." (Dkt. No. 158.)[4]  Petitioner does not

argue this issue in his memorandum or reply, although in his habeas petition he provides the

following statement:

> No Supporting memorandum at this time.  Due to sensitive subject, Mr. Sake was
> unable to seek assistance inside prison.  Mr. Sake is hoping grounds I & II will be
> enough to warrant a re-sentence AND an appointed attorney to assist in this 3rd
> Issue.  Mr. Sake will attempt in some way, to prepare arguments himself, but it is
> Difficult to research this subject in prison.  Mr. Sake simply wants to make sure
> argument is reserved.  Mr. Sake was willing to cooperate, but continually
> Discouraged by counsel.

(*Id.*)  Because Petitioner failed to argue this issue, the Court deems it abandoned.  *See United States

v. Hough*, 276 F.3d 884, 891 (6th Cir. 2002) (holding that because parties "have failed to adequately

brief this court, we consider the [parties'] claims to have been abandoned"); *Bickel v. Korean Air

Lines Co.*, 96 F.3d 151, 154 (6th Cir. 1996) (holding that arguments not fully briefed are deemed

---

[4]Under § 5K1.1 of the Sentencing Guidelines, the Court lacks authority to grant a
substantial assistance reduction in the absence of a government motion.  *See United States v.
Truman*, 304 F.3d 586, 589 (6th Cir. 2002); *United States v. Moore*, 225 F.3d 637, 644 (6th Cir.
2000).

abandoned).  Petitioner fails to make clear how the absence of a Government motion is the fault of his counsel, or how he was discouraged from cooperating.  Petitioner signed the plea agreement, in which he promised to cooperate, although he later blatantly breached this agreement at the sentencing hearing.  Accordingly, this issue is not "reserved" for Petitioner.

       C.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted.  *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied as to all issues.

## IV.    CONCLUSION

For the reasons given, a Final Order shall enter denying Petitioner's Motion under 28 U.S.C. § 2255 with prejudice and denying a certificate of appealability as to all claims.

                                 /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:       RICHARD ALAN ENSLEN
    November 26, 2007        SENIOR UNITED STATES DISTRICT JUDGE