UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:03-CR-201-01 |
| Plaintiff, | Hon. Richard Alan Enslen |
| v. | |
| PAUL JOHN SAKE, | |
| Defendant. | **ORDER** |

This matter is before the Court on Petitioner Paul John Sake's *pro se* Motion to Expand the Record pursuant to Rule 7 of the Rules Governing § 2255 Proceedings for the United States District Courts.  Petitioner seeks to expand the record by including the following:  (1) excerpts from cases; (2) excerpts from the Government's response to Petitioner's direct appeal; (3) a list of packages sent between Petitioner and Ezra Salmon; (4) a letter from Barry Langfelder to Petitioner's mother; (5) a letter from FedEx to Petitioner; (6) letters sent by Joseph Jerkins to Petitioner; (7) a declaration of Petitioner; and (8) a statement from Petitioner's mother.

Rule 7(a) provides that "[i]f the [§ 2255] motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."  Rule 7(b) lists the types of materials that may be included to expand the record: letters predating the filing of the § 2255 motion, documents, exhibits, answers under oath to written interrogatories propounded by the judge, and affidavits.  Relief is unavailable to Petitioner under Rule 7 because the Court dismissed Petitioner's § 2255 Motion with prejudice on November 26, 2007.  *See Chaney v. McCotter*, No. 92-2030, 1993 WL 345526, at *2 (10th Cir. Aug. 27, 1993) (holding that Rule 7 is

not implicated when a habeas petition is dismissed); *see also Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988) (holding that expansion under Rule 7 is discretionary).

Since Petitioner is proceeding *pro se*, however, the Court reviews the Motion consistent with the indulgent standards accorded *pro se* filers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the Court alternatively treats Petitioner's Motion as a Motion to Modify the Record under Federal Rule of Appellate Procedure 10(e), which permits the supplementation of a record when the formal record omits matters considered by the trial court. Rule 10(e) does not permit supplementation of the record to add materials never considered by the trial court. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003); *S & E Shipping Corp. v. Chesapeake & O. R. Co.*, 678 F.2d 636, 641 (6th Cir. 1982).

The following documents were not considered by the Court and should not be included in the record: excerpts from cases; the list of packages sent between Petitioner and Ezra Salmon; the letter from Barry Langfelder to Petitioner's mother; the letter from FedEx to Petitioner; the letters sent by Joseph Jerkins to Petitioner; the declaration of Petitioner; and the statement from Petitioner's mother. Moreover, the Government's response to Petitioner's direct appeal is already contained in the record so this request is unnecessary. *See* Fed. R. App. P. 10(a).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Paul John Sake's Motion to Expand the Record (Dkt. No. 173) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    January 7, 2008  RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE